The Chief Justice
delivered the opinion.
This was an action brought by King, §■ no. upon a bond bearing date the 5th of July, 1817, with a condition, which, after reciting that Rochester had sold to King. & co. forty twa hogsheads of tobacco, on board of a boat belonging to Samuel Blain, which started for New Orleans, from Siiippingport, the third of the Same month, provide», that if the said Blain delivers the said forty two hogsheads'of Jobacco, according to tbe bills of lading, signed by said Blain, then the bond shall be void; but if tbe tobacco should not be delivered in good order, through accidents or Biisforiune, then the bond shall be in full force.
Tbe declaration, after setting forth the bond and the condition, assigns, as a breach of the condition, that said Plain did not deliver the said tobacco in good order atJ\eio Orleans
Rochester pleaded, covenants performed; upon which, issue was joined; and in a second plea, he alleged matter of excuse for a nonperformance. - To tbe second plea, JKing, & eo. demurred; and the circuit court having given judgment on the demuirer for Rochester, they have appealed to this court.
Being of opinion that the declaration is substantially defective, we have not thought it necessary to enquire into the sufficiency of the plea on the demurrer to which the circuit court gave judgment; for the demurrer brings the . whole pleadings before the court, and whether the plea be sufficient or not, if the declaration is defective, the judg *228 ment of the circuit court must be correct. The declares ration, we apprehend, is detective, bt cause the breach assigned, does not appear to be within the covenant con-tainéd in the condition of the bond; for the breach is assigned in the non delivery of the tobacco af \ew> Orleans, whereas the covenant is to deliver it according io the bilis of lading; but where the bills of lading required it to be delivered, does not appear. A breach, to be sufficient, must be alleged in the words of the covenant, or in words coextensive with the import and effect of it. But the breach, in this case, is obviously noi in the words of the covenant, and. unless the terms of the biils of lading had been shewp by the proper averments, it is impossible to ee that the breach is in words coextensive with the import of the covenant.
An assignment of bre* eli ■> tr> be suffi ient, musí be in th: words of the coren nt, or in words of equal import.
Hardin for appellants.
The judgment must be affirmed with costs.